**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ROBERT PRESTON CLAYTON**                                                               **PETITIONER**

**VS.**                          **CASE NO.: 5:14CV00189 JLH-BD**

**RAY HOBBS, Director,
Arkansas Department of Correction**                                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Background

Petitioner Robert Preston Clayton, an inmate at the Arkansas Department of Correction ("ADC"), brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254. Director Hobbs has responded to the petition. (#6) Mr. Clayton was granted additional time to reply to the response, but as of this date, he has not filed a reply.

An Arkansas County, Arkansas jury found Mr. Clayton guilty of one count of rape and second-degree sexual assault.[1] *Clayton v. State*, 2013 Ark. 453, *1. Mr. Clayton was sentenced as a habitual offender to 960 months' imprisonment in the ADC. (#6-1) *Id*. Mr. Clayton appealed to the Arkansas Court of Appeals challenging the sufficiency of the evidence and the constitutionality of his sentence. (#6-2) The Arkansas Court of Appeals determined that Mr. Clayton's claims had not been preserved for appeal, and the Court affirmed the judgment of the trial court. *Clayton v. State*, 2012 Ark. App. 199.

Mr. Clayton filed a timely petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, claiming that his trial counsel was ineffective for

---

[1] The Court declared a mistrial on another count of rape after the jury was unable to reach a verdict. *Clayton*, 2012 Ark. App. at *2.

failing: (1) to challenge the constitutionality of Arkansas's rape shield statute (Arkansas Code Annotated section 16-42-10); (2) to request severing the rape and second-degree sexual assault charges; and (3) to properly prepare for the sentencing phase of the trial. The trial court denied the petition. Mr. Clayton appealed.

In response to Mr. Clayton's motion for extension of time to file his brief, the Arkansas Supreme Court found that Mr. Clayton could not prevail on the merits of his claims and dismissed the appeal. *Clayton v. State*, 2013 Ark. 453. The Court noted the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), and held that Mr. Clayton had not established either prong of the *Strickland* test necessary to succeed on his ineffective assistance of counsel claims. *Clayton*, 2013 Ark. at *6.

In his federal petition, Mr. Clayton complains that he was denied effective assistance of counsel at trial based on his counsel failure: (1) to challenge the constitutionality of the Arkansas Rape Shield statute; (2) to request an in-chambers hearing to challenge the victim's credibility and to exclude her testimony; and (3) to sever the charges and argue that they violated the Eighth Amendment. Ray Hobbs responds that Mr. Clayton has procedurally defaulted his second argument by failing to raise it with the state courts and that his other claims fail because Mr. Clayton has not established that the Arkansas Supreme Court's decision is contrary to, or an unreasonable application of, clearly established law. For the reasons set forth below, Mr. Clayton's petition should be denied and dismissed with prejudice.

**III.   Discussion**

    A.    Standard of Review

A federal court can grant a writ of habeas corpus to a state prisoner only if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief will be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). The Court must presume the state court's factual findings are correct, and it is Mr. Clayton's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

    B.    Procedural Default

Director Hobbs contends that the second claim Mr. Clayton raises – that his counsel was ineffective for failing to request an in-chambers hearing to challenge the victim's credibility – should be dismissed as procedurally defaulted because it was never presented to the state courts. See *Coleman v. Thompson*, 501 U.S. 722 (1991). The Court agrees.

Before seeking federal habeas corpus review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct.

1347 (2004); see also 28 U.S.C. § 2254(b) and (c). To meet the requirements of 28 U.S.C. § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

Here, Mr. Clayton pursued a Rule 37 petition and appeal but did not claim, in either his petition or appeal, that his counsel was ineffective for failing to request an in-chambers hearing to assess the victim's credibility. Accordingly, this claim is procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

    1.  Cause to Excuse Procedural Default

The doctrine barring procedurally defaulted claims is not without exception. *Martinez v. Ryan*, 566 U.S. __, __, 132 S. Ct. 1309, 1315 (2012). A prisoner can obtain review of a defaulted claim by showing cause for the default and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

Cause is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478,

488, 106 S.Ct. 2639 (1986). Here, there was not an external factor preventing Mr. Clayton from raising his claim. Mr. Clayton successfully pursued other theories of ineffective assistance of counsel in his Rule 37 petition and on appeal.

In *Coleman*, the Supreme Court held that, as a general rule, "negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause'" to excuse procedural default. *Martinez*, 132 S.Ct. at 1316 (quoting *Maples v. Thomas*, 565 U.S. __, 132 S.Ct. 912, 922 (2012). In *Martinez*, however, the United States Supreme Court created a "narrow exception" to the general rule set out in *Coleman*. The *Martinez* Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. The Court made clear, however, that in order for the exception to apply so as to overcome the default, the prisoner must demonstrate that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*.

After *Martinez*, in *Trevino v. Thaler*, 569 U.S. __, 133 S.Ct. 1911, (2013), the Supreme Court expanded the *Coleman* exception to include claims of prisoners in any state that, in theory, grants permission to bring an ineffective-assistance-of-counsel claim on direct appeal, but "makes it highly unlikely in a typical case that the defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Id*. at 1921.

In *Sasser v. Hobbs*, 735 F.3d, 833, 853 (2013), the Court of Appeals for the Eighth Circuit found that, under *Trevino*, Arkansas's post-conviction appeal process does not, "as a systematic matter," afford indigent defendants a "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal. *Id*. (quoting *Trevino*, 133 S.Ct. at 1919). Accordingly, under *Martinez*, *Trevino*, and *Sasser,* Mr. Clayton may establish cause to excuse default of his ineffective-assistance-of-counsel claims because he lacked appointed counsel during the initial-review collateral process. To utilize this exception to overcome his procedural default, however, Mr. Clayton must first demonstrate that his defaulted ineffective-assistance-of-trial-counsel claim has "some merit." *Martinez*, at 1318; see also *Holt v. Hobbs*, 5:12CV00453 BSM, 2013 WL 3481871 (E.D. Ark. July 10, 2013).

    2.  Merits of Defaulted Claim

A criminal defendant's Sixth Amendment right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In order to prevail on his habeas corpus claim based on ineffective assistance of counsel, Mr. Clayton must show: (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability that the

outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland*, 466 U.S. at 687–94. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527 (2003) (quoting *Strickland*, 466 U.S. at 694). The Court's scrutiny of counsel's performance is highly deferential, and the Court applies a strong presumption that counsel's conduct falls within the "wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) (citation omitted).

Mr. Clayton claims that his counsel was ineffective because he failed to request an in-chambers hearing to exclude the victim's testimony based on a lack of credibility. (#2 at p. 5) In his petition, Mr. Clayton offers no factual or legal support for his claim that the victim's testimony should have been excluded.[2] Further, he has not stated how the lack of an "in-chambers" hearing prejudiced his defense.

---

[2]The victim's testimony at trial was that, one evening, appellant entered the her bedroom, lay down behind her, began touching the upper part of her leg, and placed his hand inside her bra. The victim further testified that appellant then touched the inside of her vagina with his finger and attempted to place his penis inside her vagina. *Clayton v. State*, 2013 Ark. 453, *5 (2013).

On direct appeal, Mr. Clayton challenged the victim's credibility, arguing that the evidence was insufficient to support his conviction. The Court noted the argument was not preserved for appeal, but went on to state:

> Clayton attacks the credibility of the victim and points to the lack of corroborating evidence to support S.C.'s allegations. . . . Clayton's argument is not persuasive. Arkansas appellate courts have "continually held that a rape victim's testimony alone is sufficient and is substantial evidence to support a rape conviction." *Williams v. State*, 2011 Ark.App. 675, at 7, __ S.W.3d __, __ (quoting *Hickey v. State*, 2010 Ark. 109, at 2, __ S.W.3d __, __). Moreover, the uncorroborated testimony of a rape victim is sufficient evidence to support a conviction. *Id*. Inconsistencies in a rape victim's testimony are matters of credibility that are solely for the jury to decide, and the jury may accept or reject testimony as it sees fit. *Id*. Even if Clayton had preserved his challenge to the sufficiency of the evidence, we would affirm his rape conviction.

*Clayton v. State*, 2012 Ark. App. at *4-5 (2012).

In order for the *Martinez* exception to apply to overcome a procedural default, the prisoner must demonstrate that his underlying ineffective-assistance-of-trial-counsel claim has some merit. Mr. Clayton has not come forward with evidence to meet that burden. Accordingly, he has not established cause or prejudice to excuse the default.

C.  Miscarriage of Justice

Even absent a showing of cause and prejudice, habeas corpus petitioners can overcome procedural default by demonstrating that a court's refusal to hear the petition would result in a miscarriage of justice. To establish a miscarriage of justice, however, Mr. Clayton would have to show that, based on new evidence, a constitutional violation caused the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348,

350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, as opposed to legal innocence. *Id*. Actual innocence can be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Beyond noting what he claims was unreliable trial testimony, Mr. Clayton has not come forward with any evidence of actual innocence. Because he has not presented evidence that a failure to hear this petition would result in a miscarriage of justice, he has not overcome his procedural default.

D.      Remaining Ineffective-Assistance-of-Counsel Claims

Mr. Clayton raises two other ineffective-assistance-of-counsel claims in his petition, both of which he pursued with the state courts. He complains that his counsel was ineffective for failing to challenge the constitutionality of the Arkansas Rape Shield statute and by failing to request that the rape and sexual assault charges be severed.

Director Hobbs responds that the state court's denial of these claims was not contrary to clearly established Federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. In reviewing the claims, the State court's factual determinations are presumed correct, and Mr. Clayton has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Arkansas Supreme Court addressed both of Mr. Clayton's ineffective-assistance-of-counsel claims when it dismissed his appeal of the trial court's denial of

Rule 37 relief.  *Clayton v. State*, 2013 Ark. 453.  The Court, applying the standard set forth in *Strickland*, held that neither the challenge to the rape shield statute nor the motion to sever would have been successful based on Arkansas Supreme Court precedent, and so, trial counsel was not ineffective for failing to raise these meritless arguments.  *Clayton*, 2013 Ark. 453, *4-5.

The Arkansas Supreme Court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law.  Further, Mr. Clayton has not come forward with clear and convincing evidence to rebut the presumption that the Court's factual determinations were correct in light of the evidence presented in the State court proceeding.  See *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).  Accordingly, the Court recommends that Mr. Clayton's ineffective-assistance-of-counsel claims be denied.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Clayton has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Clayton has not provided a basis for issuing a certificate of appealability.

## V.     Conclusion

The Court recommends that Robert Preston Clayton's petition for writ of habeas corpus be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 11th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE